IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DALE GUINN, *et al.*,

    Plaintiffs,

v.

BRISTOL-MYERS SQUIBB COMPANY, MCKESSON CORPORATION, and DOES 1–100.

    Defendants.

No. C 13-01487 WHA

**ORDER GRANTING MOTION TO STAY AND VACATING HEARING**

## INTRODUCTION

In this pharmaceutical products-liability action, defendant moves to stay proceedings pending a possible transfer to a MDL. For the reasons below, defendant's motion is **GRANTED**. The hearing on May 16, 2013 is **VACATED**.

## STATEMENT

Plaintiffs filed a complaint in the Superior Court of the State of California for the County of San Francisco in March 2013 for alleged injuries from the ingestion of a prescription drug. Plaintiffs sued defendant Bristol-Myers Squibb Co. (a New Jersey corporation), and McKesson Corp. (a California-based pharmaceutical distributor). Defendant removed the action to federal court on fraudulent joinder grounds and now moves to stay this action pending a conditional transfer to the Plavix® MDL in the United States District Court for the District of New Jersey. Plaintiffs then filed a motion to remand, arguing that this Court should first consider the merits of its motion before entertaining any stay of these proceedings.

**ANALYSIS**

Our court of appeals has not yet addressed whether courts must first address the merits of a motion to remand before determining whether to stay the proceedings. In support of their argument, plaintiffs cite to several non-binding decisions, including one from this district. According to plaintiffs, courts like the one in *Conroy v. Fresh Del Monte Prod., Inc.*, 325 F. Supp. 2d 1049 (N.D. Cal. 2004) (Judge Saundra Armstrong), first give preliminary scrutiny to the merits of a motion to remand. Then, if such analysis suggests removal was improper, the court completes its consideration of the motion. This order finds *Conroy* to be inapposite and that the weight of authority in our district favors a stay.

One of the bases for defendant's removal of this action from state court is the alleged fraudulent joinder of McKesson — it argues that claims against McKesson are preempted by federal law and are only included to defeat diversity. This jurisdictional issue will likely be raised in at least every other action involving McKesson at the MDL. For efficiency and consistency, that issue *should* be decided by the MDL. Even the judge in *Conroy* distinguished that decision "where the jurisdictional issues presented were identical to those being raised in the MDL." *Blaylock v. DePuy Orthopaedics, Inc.*, No. 11-4746 SBA, 2011 WL 6217540 at *2 & n.2 (N.D. Cal. Dec. 14, 2011) (Judge Saundra Armstrong). In fact, "following *Conroy*, other courts in the Northern District . . . have made clear that courts are not bound to preliminarily consider the merits of a remand motion before considering a motion to stay." *Freitas v. McKesson Corp.*, No. C 11-5967 JW, 2012 WL 161211 at *2 (N.D. Cal. Jan. 10, 2012) (Chief Judge James Ware).

Other actions involving defendant have been stayed by judges in our district for the same reasons. Judge Chen ordered a stay for similarly situated actions, *Kinney v. Bristol-Meyers Co.*, No. C 12-4477 EMC (N.D. Cal. Apr. 12, 2013) (staying that action as well as Nos. C 12-4478 EMC; C 12-4615 EMC; C 12-4616 EMC; C 12-4617 EMC; C 12-4619 EMC; C 12-4633 EMC; C 12-4641 EMC; C 12-4642 EMC; C 12-4803 EMC), as have Judges Seeborg, Illston, and Henderson (*Aiken v. Bristol-Meyers Co.*, No. C 12-5208 RS; *Vanny v. Bristol-Meyers Co.*, No. C 12-5752 SI; *Arnold v. Bristol-Meyers Co.*, No. C 12-6426 THE). Plaintiffs will not be

1  prejudiced by this brief stay pending the MDL's determination to transfer.  If transferred, the
2  MDL can efficiently deal with jurisdictional issues like fraudulent joinder; if not, then this Court
3  can.

### CONCLUSION

For the reasons stated above, the instant action will be stayed, pending transfer to the MDL.  Defendant's motion is **GRANTED**.  The hearing on May 16, 2013 is **VACATED**.

The case management conference is **CONTINUED** to **NOVEMBER 7, 2013, AT 11:00 A.M.** Please file a joint case management statement at least seven days prior.

**IT IS SO ORDERED.**

Dated:  May 10, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE